## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTOPHER ROBERTS, Individually and For Others Similarly Situated, § § § Plaintiff, § § v. § § SWCA, INCORPORATED, § § Defendant. § | § § § § § CASE NO. 1:23-CV-00627 § § § § § |

## ANSWER TO COMPLAINT

Defendant SWCA, Incorporated, d/b/a SWCA Environmental ("Defendant" or "SWCA") responds to Plaintiff Christopher Roberts' ("Plaintiff's" or "Roberts'") Complaint as follows:

## SUMMARY

1. Defendant admits that Roberts is bringing this class action, but denies it can proceed as a class action. Defendant denies any remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that Roberts performed work for SWCA, and that he performed work in New Mexico. Defendant otherwise denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff received a per diem in addition to his salary and day rate.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits that Roberts purports to bring this action on behalf of himself and others. Defendant denies any remaining allegations in paragraph 14 of the Complaint.

## JURISDICTION & VENUE

15. The allegations in paragraph 15 of the Complaint state legal conclusions that require no response. Defendant affirmatively alleges that the New Mexico District Court has jurisdiction in this matter and that venue is appropriate in this Court.

16. The allegations in paragraph 16 of the Complaint state legal conclusions that require no response.

17. The allegations in paragraph 17 of the Complaint state legal conclusions that require no response.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in paragraph 19.

20. The allegations in paragraph 20 of the Complaint state legal conclusions that require no response.

## **PARTIES**

21. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 21 of the Complaint, and therefore, denies them.

22. Defendant admits that Roberts performed work for SWCA, and that he performed work in New Mexico. Defendant otherwise denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant admits that Robert purports to bring this action on behalf of himself and others. Defendant denies any remaining allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint, including the allegations in footnote.

29. Defendant admits that it can identify certain individuals who performed work for SWCA while working in New Mexico. Defendant denies any remaining allegations in paragraph 29 of the Complaint.

30. Defendant admits that SWCA is an Arizona corporation. The remaining allegations in paragraph 30 of the Complaint otherwise state legal conclusions that require no response.

31. Defendant admits that SWCA has transacted and conducted business in New Mexico, and that it has designated a registered agent that has a physical address in New Mexico. Defendant denies any remaining allegations in paragraph 31 of the Complaint.

32.     Defendant admits that CT Corporation System is currently its registered agent. The remaining allegations in paragraph 32 of the Complaint otherwise state legal conclusions that require no response.

## ADDITIONAL ALLEGATIONS

33.     Defendant denies the allegations in paragraph 33 of the Complaint, including the allegations in footnote 1.

34.     Defendant admits that it hired Roberts to work as a Compliance Officer. Defendant denies any remaining allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant admits that Roberts performed work for SWCA, and that he performed work in New Mexico. Defendant otherwise denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant admits that Plaintiff received a per diem. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 42 of the Complaint, and therefore, denies them.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. The allegations in paragraph 48 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant admits Roberts worked in excess of 40 hours in a workweek on at least one occasion while performing work for Defendant. Defendant otherwise denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. The allegations in paragraph 68 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in paragraph 68.

69. The allegations in paragraph 69 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in paragraph 69.

## CLASS ACTION ALLEGATIONS

70. Defendant realleges and incorporates all other paragraphs by reference.

71. Defendant admits that Roberts purports to bring this action on behalf of himself and others. Defendant denies any remaining allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. The allegations in paragraph 73 of the Complaint state legal conclusions that require no response.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

91. Defendant denies the allegations in paragraph 91 of the Complaint.

## **ADDITONAL ALLEGATIONS**

92. Defendant realleges and incorporates all other paragraphs by reference.

93. Defendant admits the allegations in paragraph 93 of the Complaint.

94. Defendant admits it was aware of the requirements of the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-20, et seq. (NMMWA). Defendant otherwise denies the allegations in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Defendant denies the allegatiuons in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

103. Defendant denies the allegations in paragraph 103 of the Complaint.

104. Defendant denies the allegations in paragraph 104 of the Complaint.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Defendant denies the allegations in paragraph 109 of the Complaint.

110. Defendant admits that it is a named defendant in another lawsuit that was filed by Roberts' counsel of record in the case at bar. Defendant denies any remaining allegations in Paragraph 110 of the Complaint.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE NMMWA

111. Defendant realleges and incorporates all other paragraphs by reference.

112. Defendant admits that Roberts purports to bring this action on behalf of himself and others. Defendant denies any remaining allegations in paragraph 112 of the Complaint.

113. Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Defendant denies the allegations in Paragraph 113 of the Complaint.

115. Defendant admits that it can identify certain individuals who performed work for it while working in New Mexico. Defendant denies any remaining allegations in paragraph 115 of the Complaint.

116. The allegations in paragraph 116 of the Complaint state legal conclusions that require no response.

117. The allegations in paragraph 117 of the Complaint state legal conclusions that require no response.

118. The allegations in paragraph 118 of the Complaint state legal conclusions that require no response.

119. The allegations in paragraph 119 of the Complaint state legal conclusions that require no response.

120. The allegations in paragraph 120 of the Complaint state legal conclusions that require no response.

121. The allegations in in paragraph 121 of the Complaint state legal conclusions that require no response.

122. Defendant denies the allegations in Paragraph 122 of the Complaint.

123. Defendant denies the allegations in in paragraph 123 of the Complaint.

124. Defendant denies the allegations in in paragraph 124 of the Complaint.

125. Defendant denies the allegations in paragraph 125 of the Complaint.

126. Defendant denies the allegations in paragraph 126 of the Complaint.

127. Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Defendant denies the allegations in Paragraph 130 of the Complaint.

131. The allegations in paragraph 131 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant denies that Roberts and the Day Rate Workers are entitled to the purported relief they are seeking.

## JURY DEMAND

Defendant admits that Roberts purports to assert his right to a trial by jury, but denies that he has asserted any claim that is legally sufficient to entitle him to a trial before a jury.

## GENERAL DENIAL

Defendant denies that that Roberts or any Class Members are entitled to the relief requested, or to any relief at all.

## AFFIRMATIVE DEFENSES[1]

As and for separate, alternative and affirmative defenses and allegations to the Complaint, Defendant alleges:

1. The Complaint fails to state a claim or cause of action for which relief may be granted.

2. The claims of Plaintiff and the individuals he seeks to represent fail to the extent they are barred, in whole, or in part, by the applicable statute of limitations.

3. Plaintiff and the individuals he seeks to represent are exempt from the overtime requirements of the NMMWA.

---

[1] By pleading any matter here as a defense, Defendant does not concede that it bears a burden of proof to establish it.

4. Claims for overtime compensation and treble damages by Plaintiff and the individuals he seeks to represent are barred or subject to offset by all wages paid or other compensation provided.

5. Claims for recovery of overtime compensation and liquidated damages brought by Plaintiff and the individuals he seeks to represent are barred for hours allegedly worked without Defendant's actual or constructive knowledge.

6. The time for which Plaintiff and the individuals he seeks to represent seek compensation is *de minimis*.

7. The type of claims for which Plaintiff purports to bring a class action are matters on which individual issues predominate and are not appropriate for a class action.

8. Defendant took reasonable measures to prevent and correct any alleged violations of the law and Plaintiff and the individuals he seeks to represent failed to take advantage of corrective opportunities provided or to otherwise avoid harm.

9. Defendant never willfully caused any injury to Plaintiff or any of the individuals he seeks to represent.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and/or estoppel.

11. Plaintiff has failed to mitigate or reasonably attempt to mitigate his alleged damages.

12. An award of punitive damages against Defendant may be limited or barred by the due process and equal protection provisions of the United States Constitution and New Mexico Constitution.

13. Plaintiff has not met the requirements for class certification under Fed. R. Civ. P. 23 or Rule 23, NMRCP.

Defendant reserves the right to amend its affirmative defenses.

THEREFORE, having fully answered the Complaint, Defendant respectfully demands judgment in its favor as follows:

A. That the Complaint be dismissed, with prejudice, and Plaintiff take nothing thereby.

B. That Defendant be awarded its costs incurred herein.

C. That Defendant be awarded pre- and post-judgment interest on the foregoing amount at the maximum rate permitted by Law.

D. That Defendant be awarded such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of August 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Douglas (Trey) Lynn
Douglas (Trey) Lynn, Bar No. 150903
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Tel: 602.778.3700
Fax: 602.778.3750
trey.lynn@ogletree.com

*ATTORNEYS FOR DEFENDANT SWCA, INCORPORATED*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July 2023, the foregoing was electronically filed with the Clerk of Court using the electronic filing system, which will send notification to:

Justin R. Kaufman
Philip M. Kovnat
DURHAM, PITTARD & SPALDING, LLP
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
pkovnat@dpslawgroup.coni

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.corn
adunlap@mybackwages.corn

Richard J. (Rex) Burch*
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
rburch@brucknerburch.coni

*Attorneys for Plaintiff and
Putative Class Members*

SO CERTIFIED, this 9th day of August 2023.

/s/ Douglas (Trey) Lynn